WO **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Mitchell,  )  No. CV 06-1963-PHX-MHM
           Plaintiff,  )
vs.  )  **ORDER**
Joseph Arpaio,  )
           Defendant.  )

Before the Court is Defendant's Response to the Court's October 31, 2007 Order to Show Cause (Doc. # 38) and Plaintiff's Response (Doc. # 39). The Court finds that Defendant's Response does not constitute good cause for extending the dispositive motion deadline and will, therefore, summarily deny Defendant's Motion to Dismiss (Doc. # 35) as untimely.

**I.      Background**

Plaintiff filed this action in August 2006 alleging violations of his constitutional rights while incarcerated at the Towers Jail in Phoenix, Arizona (Doc. # 1). Defendant Arpaio was directed to answer (Doc. # 3). On November 21, 2006, the Court entered a Scheduling Order in this case, setting all pretrial deadlines (Doc. # 7). That Order required that all dispositive motions be filed no later than May 23, 2007 (id.). On May 24, 2007, Plaintiff filed a notice with the Court indicating that he was being transferred to the Arizona Department of

1  Corrections and that he would update the Court with his new address when he reached his
2  final destination (Doc. # 19).  The dispositive motion deadline passed without either party
3  electing to file a dispositive motion and without a request to extend the deadline.
4  Consequently, on May 30, 2007, the Court withdrew the reference of the case to Magistrate
5  Judge Burns and, the next day, set the final pretrial deadlines (Doc. # 21).  At no time after
6  the dispositive motion deadline passed did the Court indicate an intent to extend or reset the
7  dispositive motion deadline.  Indeed, the only deadlines the Court set were related to trial.
8       On June 29, 2007, Arpaio moved to substitute his counsel (Doc. # 24).  That motion
9  was granted and the Court eventually reassigned this case to the undersigned while still
10 affirming the existing July 13, 2007 deadline for filing the Joint Proposed Pretrial Order
11 (Doc. # 26). On July 11, 2007, both parties separately moved for an extension of time to file
12 the Joint Proposed Pretrial Order (Doc. ## 30, 31).  The Court granted the parties' request
13 (Doc. # 33).  The Court reset the remaining pretrial deadlines on October 12, 2007 and, on
14 the same day, Arpaio moved to dismiss for lack of exhaustion (Doc. # 35).  The Court then
15 issued an Order to Show Cause as to why the motion should not be summarily dismissed as
16 untimely (Doc. # 37).  Arpaio responded and Plaintiff filed a response in opposition (Doc.
17 ## 38, 39).

18 **II.     Defendant's Response to the Court's Order to Show Cause**

19      Counsel first avers that Plaintiff's "May 17, 2007 notice" indicating that he was being
20 transferred to the Arizona Department of Corrections and requesting that no correspondence
21 be sent to him during his transfer precluded Arpaio from filing a dispositive motion before
22 the deadline expired (Doc. # 38 at 1).  But Counsel's recitation of the docket is disingenuous
23 at best.  First, Plaintiff did not file his notice on May 17, 2007.  It was *signed* on May 18,
24 2007, but the Maricopa County Sheriff's Office of Inmate Legal Services attached a
25 certification to the notice indicating that a copy of the notice was not *mailed* to Arpaio's
26 counsel until May 23, 2007, the day of the dispositive motion deadline.[1]  Consequently, it
27
28     [1] While the Court may consider Plaintiff's notice as of the date it was given to prison officials for mailing, <u>Huston v. Lack</u>, 487 U.S. 266, 275-76 (1988), that does not change the fact

1 would have been impossible for Arpaio's then counsel to know *before* the expiration of the
2 dispositive motion deadline that Plaintiff was being transferred and requested that no
3 correspondence be sent to him. The Court will not extend a deadline based on an event of
4 which Arpaio had no knowledge; Plaintiff's "disappearance" after May 24, 2007 did not
5 prevent Arpaio from filing a dispositive motion before the May 23, 2007 deadline. And
6 counsel's attempt to misstate the record certainly does not constitute good cause to extend
7 the dispositive motion deadline in this matter.

8 Counsel's other averments regarding an expectation that the dispositive motion
9 deadline would be reset by the Court are equally unavailing. As noted above, after the May
10 23, 2007 dispositive motion deadline had passed, all subsequent orders related solely to
11 setting final pretrial deadlines and made no mention of resetting the dispositive motion
12 deadline. And Arpaio has *never* requested an extension of the dispositive motion deadline.[2]

13 Further, Arpaio's statement that he did not have Plaintiff's new address until August
14 2, 2007 is also belied by the record. Plaintiff's motion to extend the deadline to file the Joint
15 Proposed Pretrial Order on July 11, 2007 contained his new address. And finally, even if
16 Arpaio was correct in asserting that Plaintiff did not update his address until August 2007,
17 Arpaio makes no effort to explain why he waited over two months to attempt to file a
18 dispositive motion.

19 For these reasons, the Court finds that Arpaio has not established good cause to
20 consider the untimely motion to dismiss. It will, therefore, be summarily denied.

21 **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. # 35)
22 is **denied as untimely**.

---

that Arpaio could not have known about the notice until *after* the dispositive motion deadline had passed, vitiating his argument that it was because of Plaintiff's notice that Arpaio did not file a dispositive motion.

[2] Arpaio seems to indicate in his Response that he requested that the dispositive motion deadline be reset in his July 11, 2007 motion (Doc. # 30). But Arpaio's motion solely mentions the Joint Proposed Pretrial Order and the Final Pretrial Conference; nowhere is the dispositive motion deadline mentioned (id.).

**IT IS FURTHER ORDERED** that in view of Arpaio's Notice of Conflict (Doc. # 36) the Court will reset the remaining pretrial deadlines.

**IT IS FURTHER ORDERED** confirming the final pretrial conference on January 22, 2008 at 4:00 p.m. and trial date of February 20, 2008.

DATED this 13th day of December, 2007.

*/s/ Mary H. Murgia*
Mary H. Murguia
United States District Judge